3. ACTION, § 55*—*when cause of may not be split.* One cannot split a cause of action for a single breach of contract and bring several actions thereon.

4. PAYMENT, § 6*—*when acceptance of notes does not prevent recovery of balance of debt due.* Acceptance of a debtor's notes by a creditor in the erroneous belief that they represent the amount due him does not prevent him from compelling the payment of any additional amount actually due him, even though he has negotiated the notes.

5. SALES, § 329*—*when joint liability may be found on contract for coal.* In an action to recover a balance due on a contract for coal sold for use in an apartment house, brought against two defendants, a joint liability may be found, even though one defendant testifies that he was the owner of the house, where the other defendant signed notes given for an amount incorrectly believed to represent the total amount due, was made a defendant to the proceedings and did not deny joint liability under oath.

## Martin Janci and Stefan Palansky, Appellees, v. Stefan, alias Steve Cerny, Appellant.

### Gen. No. 24,163.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918.

### Statement of the Case.

Bill by Martin Janci and Stefan Palansky, complainants, against Stefan, *alias* Steve Cerny and John Cerny, defendants for an accounting in a wool pulling business. From a decree for complainants, defendant Steve Cerny appeals.

SINDEN, HASSELL & OSUSKY, for appellant; JOHN H. McAULIFFE, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MAX LUSTER, for appellees.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. PARTNERSHIP, § 385a*—*what is unauthorized diversion of property by partner necessitating accounting.* The delivery of warehouse receipts for property belonging to a partnership by a member to another is an unauthorized diversion of partnership property and such partner may be required to account for the profits derived from the use of the property.

2. EQUITY, § 480*—*when decree conforms to bill for accounting.* There is no variance between a bill for an accounting charging wrongful use of partnership funds from which a partner has derived profits and a decree proceeding on the theory that transactions between the partner and another were transactions of the partnership and were on its behalf and for its benefit, and created a resulting trust, although not designated as such in the decree.

3. PARTNERSHIP, § 388*—*when partner not excused from accounting for profits.* The payment of certain sums by a partner to other members of a partnership in settlement of claims out of profits derived from assets of the partnership does not excuse the partner from accounting for profits derived from the use of warehouse receipts, of which use the other partners did not have full knowledge.

4. PARTNERSHIP, § 407*—*when fraud by partner shown.* Evidence *held* to warrant the finding, on a bill for a partnership accounting, that defendant, in fraud of the rights of complainants. had placed wool, which was owned by the partnership, in the hands of another person.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.